UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS LUTHER, JR.**  **CIVIL ACTION**

**VERSUS**  **NO. 11-1184**
c/w 12-2171
*Pertains to* **11-1184**

**JOHN W. STONE OIL DISTRIBUTOR,**  **SECTION "C" (4)**
**LLC,** *in personam* **M/V STONE**
**BUCCANEER***, in rem*

ORDER

     Before the Court is defendant John W. Stone Oil Distributor, LLC's Appeal of and Objection to Magistrate's Order. Rec. Doc. 56.  A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed.R.Civ.Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995).  "This highly deferential standard requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of America*, No. Civ. A. 01-674, 2001 WL 1524510, *1 (E.D. La. 2001)(citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Schrag v. Dinges*, 144 F.R.D. 121, 123 (D. Kan. 1992).  Here, the Court finds that the Magistrate Judge's Order is not clearly erroneous or

contrary to law. Rec. Doc. 54.  The Magistrate Judge performed a well-reasoned analysis of the Motion for Leave to File Third Amended and Supplemental Complaint and the opposition to that motion. Rec. Docs. 40, 42.  Defendants arguments in its appeal and objection to the Magistrates Order can be addressed at a later point in the litigation.[1] Rec. doc. 56.

Accordingly,

Defendants' Motion for Appeal of and Objection to Magistrate's Order is DENIED.

New Orleans, LA, this 14th day of February, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant explains that Luther also filed a separate Complaint in case number 12-2171 making allegations identical to those included in the Third Amended Complaint and that Stone has filed a Motion for Summary Judgment in that case arguing that the Complaint was filed after the prescriptive period expired. Rec. Doc. 56, p. 2. Case number 12-2171 has now been consolidated with this case. Rec. Doc. 72.