## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**************************************************************************

|  |  |  |
|---|---|---|
| | * | |
| **DENNIS LUTHER, JR.** | * | **CIVIL ACTION NO. 11-CV-1184** |
| | * | **c/w 12-2171** |
| **VERSUS** | * | **Pertains to: 12-2171** |
| | * | |
| | * | **SECTION "C"** |
| **JOHN W. STONE OIL** | * | **HON. HELEN BERRIGAN** |
| **DISTRIBUTOR, LLC,** *in personam* | * | |
| | * | **MAG. WILKINSON** |
| **M/V STONE** | * | |
| **BUCCANEER,** *in rem* | * | |
| | * | |

**************************************************************************

### ORDER AND REASONS[1]

Before this court is defendants John W. Stone Oil Distributor, LLC and the M/V STONE BUCCANEER's Motion for Summary Judgment dismissing plaintiff Luther's claims against them because those claims have prescribed. (Rec. Doc. 73).

For the following reasons, defendant's Motion for Summary Judgment is DENIED. (Rec. Doc. 73).

### I. Procedural Background

Plaintiff Dennis Luther ("Luther") filed this complaint on August 24, 2012, claiming damages as a result of injuries to his right arm and shoulder that he sustained while employed by John W. Stone Oil Distributor, LLC ("JW Stone") aboard the M/V STONE BUCCANEER. (12-2171, Rec. Doc. 1). Luther filed this complaint "out of an abundance of caution"[2] to preserve his

---

[1]Katharine Williams, a third year law student at Tulane University, helped prepare this order.

[2](12-2171, Rec. Doc. 9 at 3)

1

claim while waiting for the results of a Motion for Leave to File Third Amended and

Supplemental Complaint for Damages (11-1184, Rec. Doc. 40) to amend his initial complaint in

Case No. 11-1184, with which this action has been consolidated. (11-1184, Rec. Doc. 72). The

Magistrate granted Plaintiff's Motion for Leave to File Third Amended Complaint, and

Defendant's Motion for Appeal of and Objection to the Magistrates Order was denied. (11-1184,

Rec. Doc. 74).


## II. Applicable Law

### A. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall

be granted if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The parties seeking

summary judgment bear the initial burden of informing the court of the basis for their motion

and identifying those portions of the pleadings, depositions, answers to interrogatories,

admissions on file and affidavits, if any, which they believe demonstrate the absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc*., 591 F.3d 439, 442 (5th Cir.

2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401

F.3d 347, 349 (5th Cir. 2005).

In determining whether the evidentiary threshold has been met on summary judgment,

the court "must view the evidence presented through the prism of the substantive evidentiary

burden" applicable to the particular cause of action before it. *Anderson vs. Liberty Lobby Inc*.,

477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), cert. denied, 488 U.S. 926 (1988).

**B. Applicable Prescription Period: Maritime Torts**

Defendants assert that Luther's claim for damages for injuries he sustained aboard the M/V BUCCANEER has prescribed. (11-1184, Rec. Doc. 73). Except as otherwise provided by law, a civil action for damages for personal injury arising out of a maritime tort must be brought within 3 years after the cause of action arose. 46 U.S.C. § 30106. A cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover the injury, its cause, and the link between the two. *Pretus v. Diamond Offshore Drilling Inc.,* 571 F.3d 478, 481 (5th Cir. 2009), (*citing Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991)).

**III. Analysis**

Defendant Stone claims that the injuries to Luther's right arm must have occurred on or

before August 19, 2009. (11-1184, Rec. Doc. 73-1 at 4). Luther claims that these injuries

occurred in September 2009. (11-1184, Rec. Doc. 55 at 2). Luther filed this complaint on August

24, 2012. (12-2171, Rec. Doc. 1).   The date the cause of action arose determines when the

prescription period begins to run. *See, e.g. Pretus, supra.* If Luther's injury occurred on August

19, 2009, as JW Stone claims, his claim may have prescribed by the time this suit was filed. If

his injury occurred in September of 2009, as Luther claims, his claim would have been timely.

When the injury to Luther's right shoulder actually occurred is in dispute, and the

information before the Court at this time does not provide a clear answer. On August 28, 2009,

Luther had a follow-up visit with his doctor to check on a different injury. (12-2171, Rec. Doc.

9-2 at 2). At this visit, Luther complained of some right shoulder pain and weakness that he

perceived while reaching overhead and lifting. *Id.* The doctor suspected this pain was a result of

bursitis. *Id.* The doctor prescribed anti-inflammatories and scheduled a follow-up to check on the

right shoulder. *Id.* At that follow-up appointment, on September 4, 2009, Luther again

complained of right shoulder pain and requested that an MRI be scheduled. (12-2171, Rec. Doc.

9-2 at 3). Mr. Luther returned to work, and continued to work until September 20, 2009. (12-

2171, Rec. Doc. 9 at 7). The MRI took place on October 2, 2009. (12-2171, Rec. Doc. 9 at 9).

Luther returned to the doctor on October 9, 2009, to receive the results of his MRI. (12-2171,

Rec. Doc. 9-2 at 5). The MRI showed a torn rotator cuff. *Id.*

When the injury occurred, and when Luther discovered the injury is in dispute. Whether

there was a single injury that occurred before Luther complained of right shoulder pain on

August 28, 2009, or whether there were multiple injuries occurring up until October 2, 2009  is

also at issue. (12-2171, Rec. Doc. 9 at 1).[3] Defendants have failed to show an absence of genuine

dispute as to material facts, and  summary judgment is not appropriate at this time.[4]


## CONCLUSION

Accordingly,

      IT IS ORDERED that Defendant's Motion for Summary Judgment is

DENIED. (Rec. Doc. 73).

      New Orleans, Louisiana, this 12th  day of March, 2013.


**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[3]Plaintiff's Memorandum in Opposition to Motion for Summary Judgment (Rec. Doc. 9) states: "Mr. Luther's injuries result from the accumulation of . . . micro-traumas, which eventually resulted in the failure of his [right] shoulder and arm."

[4]Plaintiff has stated that, with respect to the 2009 injury, these two lawsuits (11-1184 and 12-2171) are indistinguishable. (12-2171, Rec. Doc. 9 at 3). Plaintiff has further stated that he would consider dismissing this suit without prejudice if Mr. Luther's attempt to amend his original suit was successful. (12-2171, Rec. Doc. 9 at 6). Plaintiff was permitted to amend the original suit with this claim. (11-1184, Rec. Doc. 54). Plaintiff is encouraged to submit a motion to dismiss.